UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CATHOLIC HEALTHCARE INTERNATIONAL, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> GENOA CHARTER TOWNSHIP, *et al.*, <br><br> Defendants. | No. 21−cv−11303−SDK−DRG <br><br> Hon. Shalina D. Kumar <br><br> Magistrate Judge David R. Grand |

**PLAINTIFFS' MOTION FOR RECONSIDERATION**
_____

In light of the opinion and judgment of the U.S. Court of Appeals for the Sixth Circuit that was issued on September 11, 2023 (6th Cir. Op., ECF No. 87) and pursuant to Local Rule 7.1(h)(2), Rule 54(b) of the Federal Rules of Civil Procedure, and the Court's inherent jurisdiction to modify, alter or revoke a prior order, Plaintiffs hereby move this Court to reconsider and reverse its Order on Defendants' motion to dismiss as to the dismissal of Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" on ripeness grounds. (Order on Mot. to Dismiss at 34, ECF No. 69).

Plaintiffs' claims at issue were advanced under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. (RLUIPA), the First Amendment (free exercise, freedom of speech, expressive association), the

- 1 -

Fourteenth Amendment (equal protection), and the Michigan Constitution (religious exercise). (*See* Supplemented First Am. Compl. ¶¶ 12, 14, 31, 49-51, 110-11, 116-17, 130-210, ECF No. 55).

This motion is supported by Plaintiffs' Brief in Support of Plaintiffs' Motion for Reconsideration, filed herewith.

Pursuant to Local Rule 7.1, on September 11, 2023, Plaintiffs' counsel, Robert J. Muise, sent an email to Defendants' counsel, T. Joseph Seward and David D. Buress, requesting concurrence in the relief sought by this motion. None was received.[1]

WHEREFORE, Plaintiffs respectfully request that the Court grant this motion and reverse its Order dismissing Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" on ripeness grounds, thereby permitting these claims to proceed to the merits.

---

[1] Motions for reconsideration are unique in that the Local Rules do not permit a response unless directed by the Court. *See* L.R. 7.1(h)(3) ("No response to the motion and no oral argument are permitted unless the court orders otherwise."). Moreover, Plaintiffs are bringing this motion now so that when it is time for the Court to reschedule the Rule 16 conference, it will have had an opportunity to consider the matters addressed in this motion and thus provide direction to the parties as to which claims remain viable in this case for further proceedings. Obviously, the Court can decide the proper timing for its decision on this motion as Defendants' counsel indicated that they may file a petition for rehearing in the Sixth Circuit as the time for that has not yet run. In short, Plaintiffs are filing this motion at this time in an effort to ensure that the case remains on a steady track for final resolution.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

<u>/s/ *Robert J. Muise*</u>
Robert J. Muise, Esq. (P62849)
Kate Oliveri, Esq. (P79932)
P.O. Box 131098
Ann Arbor, Michigan 48113
(734) 635-3756

David Yerushalmi, Esq. (Ariz. Bar No. 009616; DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
2020 Pennsylvania Ave NW, Suite 189
Washington, D.C. 20006
(646) 262-0500
dyerushalmi@americanfreedomlawcenter.org

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| CATHOLIC HEALTHCARE INTERNATIONAL, INC., *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>GENOA CHARTER TOWNSHIP, *et al.*, <br><br>Defendants. | No. 21−cv−11303−SDK−DRG <br><br>Hon. Shalina D. Kumar <br><br>Magistrate Judge David R. Grand |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION**

_____

## ISSUE PRESENTED

Whether the Court should grant Plaintiffs' motion for reconsideration and reverse its Order dismissing Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" on ripeness grounds in light of the Sixth Circuit's recent ruling on the preliminary injunction appeal—a ruling which directly addressed this issue.

i

## CONTROLLING AND MOST APPROPRIATE AUTHORITY

LR 7.1(h)(2)

Fed. R. Civ. P. 54(b)

*Catholic Healthcare Int'l, Inc. v. Genoa Charter Twp.*,
    Nos. 22-2139, 23-1060, 2023 U.S. App. LEXIS 23951 (6th Cir. Sep. 11, 2023)

**PROCEDURAL BACKGROUND**

In its Order on Defendants' motion to dismiss, the Court granted Defendants' motion with respect to Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" and dismissed "them without prejudice as unripe." (Order on Mot. to Dismiss at 14-20, 34, ECF No. 69). These claims were advanced under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. (RLUIPA), the First Amendment (free exercise, freedom of speech, expressive association), the Fourteenth Amendment (equal protection), and the Michigan Constitution (religious exercise). (*See* Supplemented First Am. Compl. ¶¶ 12, 14, 31, 49-51, 110-11, 116-17, 130-210, ECF No. 55).[2]

This "ripeness" ruling was the very basis for the Court's denial of Plaintiffs' request for a preliminary injunction. Per the Court:

---

[2] As set forth in detail in the Supplemented First Amended Complaint, the "religiously symbolic structures" and the CHI property are used by Plaintiffs for religious exercise (RLUIPA, First Amendment, Michigan Constitution), religious expression (First Amendment), and religious assembly (RLUIPA, First Amendment, Michigan Constitution). The Township prohibited and ordered the removal of these "religiously symbolic structures," and it prohibited Plaintiffs from using the property for "organized gatherings" (*i.e.,* religious worship and assembly), thereby infringing Plaintiffs' fundamental rights. Moreover, the Township's disparate treatment with regard to these restrictions on Plaintiffs' fundamental rights deprived Plaintiffs of the equal protection guarantee of the Fourteenth Amendment. (*See* Supplemented First Am. Compl. ¶¶ 130-210, ECF No. 55). Consequently, all of these claims related to the Township's enforcement action were impacted by the Court's "plainly mistaken" "ripeness" decision. (*See infra*).

> The Court addressed the ripeness issue relative to the prohibition and removal of CHI's religiously symbolic structures in its recent opinion on defendants' motion to dismiss. ECF No. 69. The Court adopts the ripeness analysis and holding found at section III.C. of that opinion. *Id*. In summary, the Court determined that the Township Board, which is charged with implementing the Zoning Ordinance, never reached a decision, final or otherwise, regarding the Zoning Ordinance's application to the installation and erection of CHI's religiously symbolic structures. *Id*. It further held that the delay necessitated by bringing this issue squarely before the Township will not cause undue hardship to plaintiffs because doing so will clarify and narrow the parties' dispute and might provide plaintiffs with the desired permission to install and erect its religious symbols on the Property. *See Miles Christi,* 629 F.3d at 538. Plaintiffs' motion for preliminary injunction, as it relates to the proscription and removal of the religiously symbolic structures, must be denied because these claims are not ripe.

(Order on Prelim. Inj. at 8-9, ECF No. 70). This "ripeness" ruling was expressly and directly reversed by the U.S. Court of Appeals for the Sixth Circuit in its recent opinion. Per the Sixth Circuit:

> Here—in the district court's order denying an injunction as to this claim—the court actually incorporated by reference its ripeness determination from its motion-to-dismiss order (which was issued the same day as the injunction order). Hence that determination was obviously a predicate of the court's denial of the injunction. <u>We therefore have jurisdiction to review the district court's determination that the plaintiffs' claims are unripe</u>.
>
> The district court's ripeness determination, in turn, <u>was plainly mistaken</u>. A claim is unripe when "it rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). In land-use cases, the necessary event is simply that the government has adopted a "definitive position" as to "how the regulations at issue apply to the particular land in question." *Pakdel v. City & County of San Fran.*, 141 S. Ct. 2226, 2230 (2021) (cleaned up). That has manifestly happened here: the Township has uniformly insisted that the plaintiffs obtain a

- 2 -

special land-use permit for their religious displays; the Township Board has twice refused to grant them one, even when presented with an application limited almost entirely to those displays; and the Zoning Board of Appeals denied relief. Moreover, those events have "inflicted an actual, concrete injury" on plaintiffs, *id.*, because the Township has actually forced them to remove the religious displays from their property.

The district court's mistake was to conflate ripeness (sometimes called "finality" in this context) and exhaustion. Specifically, the court reasoned that "only if the local regulatory process was exhausted will a court know precisely how a regulation will be applied to a particular parcel or use." Op. at 16. That was the same mistake the Ninth Circuit made in *Pakdel*. Ripeness, in the land-use context, requires only a "relatively modest" showing that the "government is committed to a position" as to the strictures its zoning ordinance imposes on a plaintiff's proposed land use. 141 S. Ct. at 2230. Ripeness does not require a showing that "the plaintiff *also* complied with administrative process in obtaining that decision." *Id.* Yet that was the showing the district court demanded here.

The Township cites our decision in *Miles Christi Religious Order v. Township of Northville*, 629 F.3d 533 (6th Cir. 2010), but that case bears no similarity to this one. There, the plaintiffs brought suit before they even asked Northville Township to take anything like a formal position as to their proposed land use. *Id.* at 538. By contrast, this case comes to us after Genoa Township has taken a definitive position, again and again, to the plaintiffs' concrete injury. <u>Their claim is ripe</u>.

*Catholic Healthcare Int'l, Inc. v. Genoa Charter Twp.*, Nos. 22-2139, 23-1060, 2023 U.S. App. LEXIS 23951, at *10-12 (6th Cir. Sep. 11, 2023) (emphasis added).

Indeed, Defendants argued in the Sixth Circuit that the appellate court lacked jurisdiction to rule on the preliminary injunction *because the court would have to effectively address this Court's Order on the motion to dismiss*, which is not an

interlocutory order that is appealable as of right. The Sixth Circuit soundly rejected Defendants' argument. Per the Sixth Circuit:

> As an initial matter—as to the first of the four factors of the preliminary-injunction test—the Township argues that we lack jurisdiction to review the district court's determination that plaintiffs are not likely to succeed on the merits of their RLUIPA claim. That argument is indeed the Township's principal argument in this appeal. The argument runs as follows: the relevant jurisdictional provision, 28 U.S.C. § 1292(a)(1), affords us interlocutory jurisdiction over district-court orders granting or denying injunctions; here, the district court held that plaintiffs were unlikely to succeed on their RLUIPA claim because, the court said, the claim was unripe; that decision came in the district court's order adjudicating the Township's motion to dismiss, not its injunction order; and thus, the Township says, we cannot revisit the court's ripeness decision in this appeal.
>
> The law says otherwise. Under § 1292(a)(1) we have jurisdiction to decide any "predicate issue" that would prevent a district court from granting an injunction. . . .

*Catholic Healthcare Int'l, Inc.*, 2023 U.S. App. LEXIS 23951, at *9.

Accordingly, and as set forth above, this Court's "ripeness" ruling was expressly reversed by the Sixth Circuit, compelling the Court to grant this motion and reverse its "ripeness" ruling as to Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property." These claims were brought under RLUIPA and the United States and Michigan Constitutions. (*See supra*). Per this Court's Order, its "ripeness" ruling applied to all of these related claims and thus must be similarly reversed as to all of these claims. (*See supra* n.2).

- 4 -

## LEGAL STANDARD

"[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Schs*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). Accordingly, a motion for reconsideration does not permit a party "to raise new legal theories that should have been raised earlier" or "attempt to supplement the record with previously available evidence." *Allen v. Henry Ford Health Sys.*, No. 08-14106, 2010 U.S. Dist. LEXIS 14612, at *1 (E.D. Mich. Feb. 19, 2010). Plaintiffs' motion does not seek to do any of these.

Moreover, under Rule 54 of the Federal Rules of Civil Procedure, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties *and may be revised at any time* before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b) (emphasis added).

Local Rule 7.1(h)(2) further provides that motions for reconsideration of non-final orders "are disfavored and may be brought only upon the following grounds:

(A)  *The court made a mistake*, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
(B)  An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

L.R. 7.1(h)(2) (emphasis added). Here, as the Sixth Circuit expressly stated in its opinion, the Court "made a mistake," and correcting this mistake "changes the outcome of the prior decision." Moreover, the Sixth Circuit's opinion provides "controlling law" that "warrants a different outcome in this case."

## ARGUMENT

A ruling on a motion for a preliminary injunction is generally not binding on the merits. As explained by the Supreme Court, "A party . . . is not required to prove his case in full at a preliminary-injunction hearing, . . . and the findings of fact and conclusions of law made by a court granting [or denying] a preliminary injunction are not binding at trial on the merits . . . ." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Wilcox v. United States*, 888 F.2d 1111, 1114 (6th Cir. 1989) (same); *but see Daunt v. Benson*, 999 F.3d 299, 308 (6th Cir. 2021) ("[W]hen a court reviewing the propriety of a preliminary injunction issues a fully considered ruling on an issue of law with the benefit of a fully developed record, then the conclusions with respect to the likelihood of success on the merits are the law of the case in any subsequent appeal.") (internal quotations and citation omitted).

And while the Sixth Circuit's ruling certainly sets forth the bases for why Plaintiffs should ultimately prevail in this case, for purposes of this motion only,

Plaintiffs are not asserting that the Sixth Circuit's ruling on the preliminary injunction definitively resolves the *merits* of Plaintiffs' RLUIPA claim.

However, the Sixth Circuit's ruling on the "ripeness" *issue* is binding on this Court. Indeed, the Sixth Circuit's ruling is based on the same record as this Court's ruling on this very issue. Moreover, if Plaintiffs' claims were in fact "unripe," then the Sixth Circuit would have lacked jurisdiction to grant Plaintiffs' request for a preliminary injunction. *See Miles Christi Religious Order v. Twp. of Northville*, 629 F.3d 533, 537 (6th Cir. 2010) (declining to decide merits on ripeness grounds and noting that "[t]he ripeness doctrine encompasses 'Article III limitations on judicial power'"). Unquestionably, the Sixth Circuit exercised its jurisdiction to rule in Plaintiffs' favor because Plaintiffs' claims *are* ripe.

Accordingly, this is a situation where the law of the case doctrine would apply as to this specific jurisdictional issue. "The gist of the law of the case doctrine is that once an appellate court either expressly or by necessary implication decides an issue, the decision will be binding upon all subsequent proceedings in the same case." *Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir. 2005) (quotations and citation omitted); *see generally Howe v. City of Akron*, 801 F.3d 718, 740 (6th Cir. 2015) ("[W]hen the appellate panel considering the preliminary injunction has issued a fully considered appellate ruling on an issue of law, then that opinion becomes the law of the case.") (internal quotations and citation omitted).

"Ultimately, [the Court] must ask whether 'the appellate panel considering the preliminary injunction has issued [a] fully considered appellate ruling on an issue of law.'" *Daunt*, 999 F.3d at 308 (quoting 18B Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 4478 (4th ed. 2015)). "If so, 'then that opinion becomes the law of the case.'" *Id*. (citation omitted).

Thus, while the Sixth Circuit's order granting the preliminary injunction based on a finding that Plaintiffs are likely to succeed on the merits of their RLUIPA claim was not *per se* a final ruling on the merits of this claim, the Sixth Circuit's conclusion that Plaintiffs' claims are ripe is binding, and it compels this Court to reconsider and reverse its Order concluding that Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" are not ripe.

## CONCLUSION

Based on the foregoing, the Court should reconsider its "ripeness" ruling in its Order on Defendants' motion to dismiss and reverse that ruling, thereby concluding that Plaintiffs' "claims arising from the prohibition and removal of CHI's religiously symbolic structures from the Property" are in fact "ripe" and thus permitting these claims, which are brought under RLUIPA, the First Amendment, the Fourteenth Amendment, and the Michigan Constitution, to proceed to the merits.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (P62849)
Kate Oliveri, Esq. (P79932)
P.O. Box 131098
Ann Arbor, Michigan 48113
(734) 635-3756

David Yerushalmi, Esq. (Ariz. Bar No. 009616; DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
2020 Pennsylvania Ave NW, Suite 189
Washington, D.C. 20006
(646) 262-0500
dyerushalmi@americanfreedomlawcenter.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system. Parties may access this filing through the court's system. I further certify that a copy of the foregoing has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically: None.

AMERICAN FREEDOM LAW CENTER

/s/*Robert J. Muise*
Robert J. Muise, Esq.