UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CATHOLIC HEALTHCARE INTERCATIONAL, INC. et al., <br><br> Plaintiffs, <br><br> v. <br><br> CHARTER TOWNSHIP OF GENOA et al., <br><br> Defendants. | Case No. 21-11303 <br> Honorable Shalina D. Kumar <br> Magistrate Judge |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING THEIR ALTERNATIVE MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL (ECF NO. 134)**

## I.     Introduction

Plaintiffs Catholic Healthcare International, Inc., ("CHI") and Jere Palazzolo ("Palazzolo") (together "plaintiffs") move for reconsideration of this Court's order denying plaintiffs' motion for partial summary judgment and granting defendants Charter Township of Genoa's (the "Township") and Sharon Stone's ("Stone") (together "defendants") motion for discovery (the "Order"). ECF No. 133. Specifically, plaintiffs move the Court to reconsider and reverse its denial of plaintiffs' "motion for partial summary

judgment on the issue of liability under RLUIPA as the Court made a mistake of law on the question of whether the Township's denial of Plaintiffs' request to develop the CHI Property for a prayer campus and adoration chapel placed a substantial burden on Plaintiffs' religious exercise."[1] ECF No. 134, PageID.5401. In the alternative, plaintiffs move the Court under 28 U.S.C. § 1292(b) to certify the Order for interlocutory appeal.[2] For the reasons set forth below, the Court denies the motion for reconsideration but grants the motion to certify its order denying plaintiffs' motion for partial summary judgment for interlocutory appeal (ECF No. 133).

## II.    Background

CHI and Palazzolo, CHI's president and director, sued the Township and Stone, its ordinance officer, alleging that the Township's denial of CHI's special land use application for the construction of a prayer campus including a 6,000 square foot chapel on the Property violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc

---

[1] The "Property" refers to CHI's parcel of undeveloped property located at 3280 Chilson Road in the Township.

[2] Plaintiffs acknowledge that the portion of this motion seeking clarification of the discovery portion of the Order is now moot. See ECF No. 163.

et seq., their First Amendment rights to religious exercise, religious expression, and expressive association, as well as their Fourteenth Amendment right to equal protection. ECF No. 55.

Although discovery had not yet begun, plaintiffs moved for partial summary judgment on their RLUIPA substantial burden claim. ECF No. 97. They argued that they are entitled to partial summary judgment on this claim because there is no genuine dispute of material fact that the Township's denial of CHI's special land use application for the construction of St. Pio's Chapel and prayer campus on the Property imposes a substantial burden on plaintiffs' religious exercise. *Id.*

The Court denied plaintiffs' motion finding the issue was too fact intensive to resolve as a matter of law "given the limited record before the [c]ourt." ECF No. 133, PageID.5393 (citing *Adam Community Ctr. v. City of Troy*, 381 F. Supp. 3d 887, 902 (E.D. Mich. 2019)). Furthermore, the Court held that denying defendants' request for discovery would be an abuse of discretion, and that the Court's "fact-based analysis of the substantial burden issue requires a well-developed record, which, in turn, requires discovery." *Id.* at PageID.5395.

Plaintiffs filed the instant motion for reconsideration, pursuant to Eastern District of Michigan Local Rule 7.1(h)(2) and Federal Rule of Civil Procedure 54(b), arguing that the Court made a mistake in denying their motion for partial summary judgment based on the facts and law before it and that the correction of this mistake would require the Court to grant their motion. Specifically, plaintiffs contend, as they did in their motion, that whether the government has imposed a substantial burden on religious exercise is a question of law, and that based on the undisputed facts they set forth, they are entitled to judgment on the substantial burden element of RLUIPA. *See generally* ECF No. 134.

### III.    Discussion

### A. Motion for Reconsideration

"District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Thus, district courts may "afford such relief from interlocutory orders as justice requires." *Id.* (quoting *Citibank N.A. v. FDIC*, 857 F. Supp. 976, 981 (D.D.C. 1994)) (internal brackets

omitted). Courts traditionally will find justification for reconsidering interlocutory orders when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct clear error or prevent manifest injustice. *Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 F. App'x at 959).

Eastern District of Michigan Local Rule 7.1(h)(2) articulates that motions for reconsideration of non-final orders are disfavored and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; or

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

A motion for reconsideration is not a proper means "to re-hash old arguments." *Smith ex rel. Smith v. Mt. Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003). "Fundamentally, 'a motion for

reconsideration is not a second bite at the apple[.]'" *Masjid Malcolm Shabazz House of Worship, Inc. v. City of Inkster,* 2022 WL 866402, at *7 (E.D. Mich. March 23, 2022) (quoting *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011)).

The Court finds that plaintiffs' motion for reconsideration largely reiterates the substantial burden arguments that they advanced in their original motion for partial summary judgment. But even if the Court overlooked that redundancy, it finds no error to correct.

First, and contrary to plaintiffs' assertion otherwise, the Court did *not* find that a genuine issue of material fact existed. Rather, it ruled that it could not determine if a genuine issue of material fact existed on the record before it. In other words, plaintiffs had not met their initial burden of establishing the absence of a genuine issue of material fact. Indeed, when the moving party also bears the burden of persuasion at trial, as plaintiffs do here, it "must lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the *record* is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *United States v. Feldman*, 439 F. Supp. 3d 946, 951 (E.D. Mich. 2020) (internal quotation omitted) (emphasis added); *see also Surles*

*v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012). Plaintiffs cannot establish a one-sided record when there is no relevant record.

As the Court noted in its Opinion, "[a]nalyzing these factors is a fact intensive inquiry that requires a developed record replete with evidence to support each party's position." *Adam Community Ctr. v. City of Troy*, 381 F. Supp. 3d 887, 902 (E.D. Mich. 2019). In denying the defendant city's motion to dismiss, the *Adam Community Center* court held that the determination of whether the Township's actions substantially burdened plaintiffs' religious exercise was too fact intensive to resolve as a matter of law, and "too premature to address on a motion for summary judgment, given the limited record before the [c]ourt." *Id*.

Yet plaintiffs ask the Court to do just that in their motion for reconsideration, resisting the absence of a record from discovery by emphasizing the age of this case and the documents relating to the proposed chapel and the Property that were generated and used during the special use application process and the related litigations, including this case. But this argument ignores the particular factors the Court must consider when analyzing a substantial burden claim, namely whether plaintiffs have a feasible alternative location from which to carry on its

mission, whether they have suffered substantial delay, uncertainty, and expense due to the defendants' denial of plaintiffs' special use application, and whether plaintiffs imposed the burden on themselves. *See Living Christian School v. Genoa Charter Twp.*, 858 F.3d 996, 1004 (6th Cir. 2017).

Feasible alternative locations, and plaintiffs' consideration of them, were not at issue in prior proceedings so documents (and other evidence) related to this issue are not part of the current record. Plaintiffs argue that the Court's denial of their motion imposes a burden on them to prove a negative, that they are not required to show that there are no other properties available in Michigan or elsewhere for the development of their proposed prayer campus. The Order does not address which party carries the burden of proof on the substantial burden factors and likewise does not shift the parties' burdens. Whether the availability of feasible alternate locations is an element of a RLUIPA substantial burden claim, for which plaintiffs carry the burden of proof, or an affirmative defense for which defendants' have the burden, was not material to the Court's decision. The Court's Order merely permits the parties to conduct discovery for evidence

to either support or challenge the elements of or the affirmative defenses to plaintiffs' claim.

Notably, plaintiffs' motion for partial summary judgment and motion for reconsideration essentially ignore the third factor—whether plaintiffs imposed the burden on themselves. Under this factor, "when plaintiff has good reason to know in advance that its proposed usage will be subject to an onerous review process, the burdens of that process are not likely to count as substantial for purposes of [RLUIPA]." *Catholic Healthcare Int'l, Inc. v. Genoa Charter Twp.*, 82 F.4th 442, 449 (6th Cir. 2023). In an earlier interlocutory appeal in this matter, the Court of Appeals ruled that the Township's zoning ordinance gave plaintiffs "little reason to expect" that the religious displays plaintiffs wanted to erect on the Property as a prayer trail would be considered a "church or temple" under the zoning ordinance the Township applied. *Id*. That "ordinance defines a 'church or temple' as any 'structure wherein persons regularly assemble for religious activity.'" *Id*. (quoting Genoa Twp. Zoning Ordinance § 25.02). Although plaintiffs' intended religious displays—the Stations of the Cross, an alter and a mural—fit within the ordinance's definition of "structure," "a church is a structure '*wherein*' people gather to worship. And no person—much less

'persons'—could gather to worship inside any of these structures." *Id*. (emphasis added). On this basis, the Court of Appeals found that plaintiffs could likely prove the Township substantially burdened their religious exercise when it required them to obtain a special land-use permit to erect the religious displays along a prayer trail. *Id*. at 450.

But the appellate court's ruling cuts against such a finding as it relates to the adoration chapel at issue now. "The Township's demand that the plaintiffs obtain a special land-use permit for the religious displays on their trail," with all the burdens involved (as described to plaintiffs by Township personnel), "and all the uncertainty inherent in discretionary land-use decisions," would have come "as a shock to these plaintiffs . . . because nothing in the Township's ordinance would have prepared them for it." *Id*.

The direct application of the ordinance to the proposed chapel, however, is obvious. As the Court of Appeals points out, discretionary land-use decisions are inherently uncertain. *See id*. Thus, although plaintiffs would not expect their religious displays and prayer trail to be treated like a church under the ordinance, they could hardly be surprised that the proposed chapel would be so treated. Accordingly, what plaintiffs knew and

when are critical details necessary for a legal determination as to whether plaintiffs imposed upon themselves the burdens for approval for the construction of a chapel on the Property. Defendants thus must be permitted to conduct discovery before summary judgment would be appropriate.

### B. Certification under 28 U.S.C. § 1292(b)

"The district court may certify an order for interlocutory appeal if it is 'of the opinion' that three conditions exist: '[1] the order involves a controlling question of law to which there is [2] substantial ground for difference of opinion and . . . [3] an immediate appeal may materially advance the termination of the litigation.' " *In re Trump*, 874 F.3d 948, 951 (6th Cir. 2017) (emphasis and alterations in original; quoting 28 U.S.C. § 1292(b)). "The decision to certify an appeal pursuant to section 1292(b) is left to the sound discretion of the district court." *Sigma Fin. Corp. v. Am. Int'l Specialty Lines Ins. Co.*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002).

The Court's Order denying plaintiffs' motion for summary judgment clearly involves a controlling question of law and an immediate appeal may materially advance termination of this litigation. If plaintiffs can prevail on their substantial burden RLUIPA claim as a matter of law without any

further factual development, then all that will remain before this Court will be the determination of the relief available to plaintiffs.

Whether the controlling legal question at issue involves a substantial ground for a difference of opinion is the critical issue for certifying the Order for immediate appeal. "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *In re Trump*, 874 F.3d at 952.

> District courts in this circuit have interpreted a substantial ground for difference of opinion regarding the correctness of the decision to mean when (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.

*Massarello v. Power Home Remodeling Grp. LLC*, 809 F. Supp. 3d 711, 714 (E.D. Mich. 2025) (quoting *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013)) (internal quotation marks omitted).

The Court believes, on balance, these factors weigh in favor of certifying the Order for immediate appeal. Although the issue does not appear to either be difficult or novel, there is little precedent as to whether a plaintiff may prevail on a substantial burden RLUIPA claim as a matter of law without a record developed through discovery. Although the *Adams*

court compellingly reasoned that "[d]iscovery and actual evidence is needed to address several of the factors relevant to the substantial burden inquiry, such as whether the alleged burdens Plaintiff sustained were actually self-imposed hardships as opposed to being caused by the. . . denial of Plaintiff's. . . application," it did so under Rule 12(b)(6), not Rule 56. Moreover, it did so without reference to Sixth Circuit or any published authority.

Additionally, a difference of opinion exists within the Sixth Circuit, and, in fact, within the panel which decided an earlier appeal on this matter. *Compare Catholic Healthcare*, 82 F.4th at 451 (limiting ruling to display of religious symbols on prayer trails) *with id*. at 453 (Clay, J. concurring) (suggesting that the Township's imposed substantial burden on plaintiffs' prayer campus development includes the adoration chapel).

Based on these factors, combined with this case's age and the fact that it has twice been remanded to this Court after appeals to the Sixth Circuit, the Court will certify the Order for an immediate interlocutory appeal.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR

Page **13** of **14**

Dated: June 29, 2026                                United States District Judge